**Brian PEARSON, Petitioner–Appellant,**

v.

**Robert ERCOLE, Superintendent, Green Haven Correctional Facility, Respondent–Appellee.**

**No. 07–3314–pr.**

United States Court of Appeals, Second Circuit.

Feb. 18, 2009.

Lynn W.L. Fahey, Appellate Advocates, New York, N.Y., for Appellant.

Keith Dolan, Assistant District Attorney (Camille O'Hara Gillespie, Leonard Joblove, Assistant District Attorneys, on the brief), for Charles J. Hynes, District Attorney, Kings County, Brooklyn, N.Y., for Appellee.

Present: ROSEMARY S. POOLER and DEBRA ANN LIVINGSTON, Circuit Judges, JED S. RAKOFF, District Judge.*

---

* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of

## SUMMARY ORDER

Appellant Brian Pearson appeals from a July 25, 2007 memorandum and order, 2007 WL 2128350 and July 31, 2007 judgment of the district court denying his petition for writ of habeas corpus, but granting a certificate of appealability. "This Court reviews *de novo* the District Court's denial of [a] petition [for habeas corpus]." *Francolino v. Kuhlman*, 365 F.3d 137, 140 (2d Cir.2004). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We conclude, as the district court did, that the erroneous admission of the video statement did not have a "substantial and injurious effect" on the jury's verdict. *See Fry v. Pliler*, 551 U.S. 112, 127 S.Ct. 2321, 2328, 168 L.Ed.2d 16 (2007). We arrive at this conclusion particularly in view of Pearson's two written statements confessing to participation in the murder, both of which were admitted at trial. *See Zappulla v. New York*, 391 F.3d 462, 468 (2d Cir. 2004) (discussing factors to be considered in assessing harmless error, including whether evidence is cumulative); *Wray v. Johnson*, 202 F.3d 515, 526 (2d Cir.2000) (same). In light of the absence of evidence in the record that these statements were illegally obtained, we cannot conclude that, but for the video statement, the jury would have concluded that he gave both written statements involuntarily, and would thus have arrived at a different verdict.

Accordingly, the judgment of the district court is AFFIRMED.